## APPEAL OF JOHN DAIS CO., INC.

Docket No. 1913.   Submitted August 20, 1925.   Decided November 4, 1925.

On the evidence, *held*, that the taxpayer is not a personal-service corporation.

*Ferdinand Tannenbaum, Esq.*, for the taxpayer.
*E. C. Lake, Esq.*, for the Commissioner.

### Before MARQUETTE and MORRIS.

The taxpayer has appealed from the determination of a deficiency in income and excess profits taxes for the year 1918 in the amount of $9,034.09. The petition alleged errors in the Commissioner's refusal to classify the taxpayer as a personal-service corporation, and also in his refusal to grant special assessment under the provisions of sections 327 and 328 of the Revenue Act of 1918. At the hearing the taxpayer abandoned its second ground of appeal.

### FINDINGS OF FACT.

1. The taxpayer is a Deleware corporation engaged in selling fish on a commission basis at Fulton Market, New York City.

2. The taxpayer's stockholders during 1918 were John Dais, R. H. Bennett, and E. H. Quinn. Dais and Bennett held approximately 98 per cent of the stock and devoted their entire time to the business.

3. John Dais has been engaged for 45 years as a fish commission merchant at New York City. As a result of his reputation for fair dealing and immediate remission to the fishermen of the proceeds of their consignments, a considerable portion of the taxpayer's business is attracted to it.

4. The perishable nature of fish made it imperative that they be sold within a day or two after their receipt on consignment. The taxpayer always made its remittance to the consignor on the day the fish were sold. This remittance consisted of the selling price minus freight and other charges advanced by the taxpayer and a commission of 12½ per cent.

5. The fish were sold to retailers, hotels, etc. Credit running from 1 to 30 days was extended on many sales. Total credit extended during 1918 was approximately $125,000, representing between 25 and 30 per cent of the taxpayer's business. Prices on credit sales were higher than on those for cash.

### DECISION.

The determination of the Commissioner is approved.

OPINION.

MARQUETTE: Regardless of the credit period granted purchasers from the taxpayer, remittances to consignors were made immediately upon the disposal of a consignment. That this required the use in the taxpayer's business of a large amount of cash capital is evident from the fact that credit extended during 1918 totaled approximately $125,000. It also appears that this credit business represented a very substantial portion of the taxpayer's entire sales. The Board is of opinion that this use of capital was a material income-producing factor in the taxpayer's business and therefore that the Commissioner's denial of personal-service classification is proper.